**FILED**

February 19, 2021

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**CATHLEEN M. DURR,**
**Claimant Below, Petitioner**

**vs.)    No. 19-1176** (BOR Appeal No. 2054232)
                          (Claim No. 2017004126)

**GRANT COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Cathleen M. Durr, by Counsel Lawrence E. Sherman Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Grant County Board of Education, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 3% permanent partial disability award on February 1, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 3, 2019, Order. The Order was affirmed by the Board of Review on November 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Durr, a custodian, was injured when she slipped and fell while carrying boxes at work on August 17, 2016. On August 26, 2016, Ms. Durr sought treatment from Solomon Mutetwa, M.D., who noted that MRIs performed on August 24, 2016, showed degenerative changes in the cervical spine, lumbar spine, and right shoulder. The right shoulder MRI showed edema of the sub-deltoid bursa indicating bursitis. Ms. Durr reported improvement in her shoulder, neck, back, and bilateral arm pain. Dr. Mutetwa diagnosed right shoulder bursitis. The claim was held compensable for thoracic sprain; right shoulder contusion; strain of the muscle, fascia, and tendon of the low back; left hip contusion; and right forearm contusion on September 2, 2016.

1

Ravi Yalamanchili, M.D., performed an independent medical evaluation on January 19, 2018, in which he noted that Ms. Durr was treated in the emergency room following her compensable injury. A lump was found on her neck. Ms. Durr saw several orthopedic surgeons who all opined that surgery is not necessary because an MRI showed no significant damage. Dr. Yalamanchili noted that Ms. Durr's cervical spasms had resolved, and he opined that she reached maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 3% permanent partial disability. The claims administrator granted a 3% permanent partial disability award on February 1, 2018.

In an August 6, 2018, independent medical evaluation, Alex Ambroz, M.D., diagnosed cervical disc herniation, cervical radiculopathy, and right shoulder impingement syndrome. He found Ms. Durr had reached maximum medical improvement Dr. Ambroz opined that the cervical disc herniation resulted from the compensable injury. Using the American Medical Association's *Guides*, Dr. Ambroz assessed 24% impairment, representing 6% for the herniated disc, 2% for loss of cervical flexion, 4% for loss of extension, 2% for loss of right lateral flexion, 4% for loss of rotation, and 9% for sensory and strength loss.

Joseph Grady, M.D., performed an independent medical evaluation on January 22, 2019, in which he noted that Dr. Ambroz's evaluation failed to reference West Virginia Code of State Rules §85-20. Dr. Grady's examination revealed a cervical myofascial sprain superimposed on cervical spondylosis, resolved thoracic sprain superimposed on thoracic spondylosis, resolved lumbar sprain, resolved right shoulder contusion, resolved right upper extremity contusion, and resolved left hip contusion. Ms. Grady had reached maximum medical improvement for the compensable injury. Using the American Medical Association's *Guides*, Dr. Grady assessed 6% cervical spine impairment. He then placed Ms. Durr in Cervical Category II of West Virginia Code of State Rules § 85-20, which allows or 5-8% impairment. Dr. Grady found that no adjustment was necessary but did apportion 3% impairment for preexisting conditions.

The Office of Judges affirmed the claims administrator's grant of a 3% permanent partial disability award on May 3, 2019. It found that the claim was held compensable for thoracic sprain, right shoulder contusion, low back strain, left hip contusion, right forearm contusions, and cervical sprain/strain. The Office of Judges found that Ms. Durr's argument for a higher award rests on the evaluation of Dr. Ambroz, who found 24% impairment based on the diagnoses of cervical disc herniation, cervical radiculopathy, and right shoulder impingement syndrome. The Office of Judges determined that Dr. Ambroz did not indicate that he used the correct edition of the American Medical Association's *Guides*. Further, his assessment included noncompensable conditions. His report was therefore found to be unreliable. The Office of Judges concluded that Ms. Durr failed to show that she is entitled to a greater impairment award than she has previously received. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Durr's argument rests on the independent medical evaluation of Dr. Ambroz, which is unreliable. Dr. Ambroz failed to use the correct edition of the

American Medical Association's *Guides* and failed to use West Virginia Code of State Rules § 85-20. Further, Dr. Ambroz's impairment assessment included noncompensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3